# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 4:16- CV-2331** |
| | ) | |
| **HARRIS COUNTY, TEXAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT HARRIS COUNTY'S UNOPPOSED[1] MOTION TO EXPEDITE CONSIDERATION OF HARRIS COUNTY'S OPPOSED MOTION FOR PROTECTIVE ORDER

**TO THE HONORABLE JUDGE ALFRED H. BENNETT:**

Defendant Harris County, Texas, asks the Court to expedite consideration of Harris County's Opposed Motion for Protective Order [Doc. 13], and would respectfully show the Court the following:

### Relief Requested

Harris County respectfully requests the Court to expedite consideration of Harris County's Opposed Motion for Protective Order, which seeks an order to protect Harris County from all discovery (except for limited access to the polling locations) and protection from Plaintiff's request for unfettered access to polling locations for the upcoming 2016 Presidential Election.

Plaintiff filed a Response to the Motion for Protective Order on October 19, 2016 [Doc. 17]. Harris County filed a Reply on October 20, 2016 [Doc. 18]. The Motion has therefore been

---

[1] Plaintiff is not opposed to the expedited consideration of the motion for protection, but takes issue regarding some of the arguments presented in this motion. For additional details, please see the Certificate of Conference.

briefed by both parties and is ready for consideration by the Court. Because some of the issues contained in the Motion for Protective Order will be impacted by the start of Early Voting in a few days on Monday, October 24, 2016, Harris County requests the Court expedite consideration of the Motion for Protective Order.

## Argument & Authorities

Federal courts have the inherent power to manage their dockets to achieve the orderly and expeditious disposition of cases. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court should expedite its consideration of and the decision on Harris County's Motion for Protection, because it is in the best interest of all the parties, especially as it concerns Plaintiff's request for access to the Early Voting and Election Day polling locations.

### Access to early voting polling locations

After 6 p.m. on October 17, 2016, Plaintiff sent Harris County an email identifying the Early Voting polling locations it plans to visit along with a schedule of the order of locations on each respective day. Early Voting for the November 2016 election begins at 8:00 a.m. on Monday, October 24, 2016. Plaintiff wants to inspect 40 of the 46 Early Voting locations. Harris County seeks expedited consideration of its Motion for Protective Order, because the scope of the inspections is in dispute and access to the polling locations needs to be limited before the inspections begin on Monday.

Upon information and belief, out of the 40 Early Voting locations that Plaintiff wants to inspect, *only one location* was previously identified by Plaintiff as allegedly non-complaint with the ADA. Harris County's Motion for Protective Order is asking the Court to limit access to *only* the polling places previously identified by Plaintiff as being allegedly non-compliant. As it currently stands, Plaintiff seeks to inspect 39 locations that it should not have access to.

The Court should grant Harris County's Motion to Expedite the consideration of the Motion for Protective Order because a delay in the consideration would be prejudicial to Harris County and would effectively be a denial of at least some of the relief sought by Harris County. Therefore, Harris County has shown good cause for the Court to expedite its consideration of Harris County's Motion for Protective Order.

## Access to Election Day polling places

Likewise, Plaintiff is seeking access to Election Day polling places for 12 teams according to the Response to Harris County's Motion for Protective Order. As argued in Harris County's Motion for Protective Order and Reply in Support of that Motion [Doc. Nos. 14 and 18], the number of teams to be used by Plaintiff to inspect would unduly burden Harris County. While Plaintiff has not identified which Election Day polling places it wishes to visit, it is anticipated that most if not all polling places requested will be polling locations Plaintiff has never identified to Harris County as allegedly being non-compliant with the ADA. Harris County's Motion for Protective Order asks the Court to limit access to *only* the polling places previously identified by Plaintiff as allegedly being non-compliant and to order Plaintiff to immediately identify the locations it intends to visit and the times for such inspections as required by FED. R. CIV. P. 34.

Election Day is November 8, 2016. Because Harris County has not been provided the list of the polling locations Plaintiff intends to inspect on Election Day (although Plaintiff contends it is 150-200 locations, which is approximately 1/3 of all polling locations) and has not been provided the specific times it intends to visit each such location, Harris County has not been given the required notice under FED. R. CIV. P. 34. Because Election Day is only about two weeks away, Harris County needs this information immediately. For this additional reason, Harris County needs expedited consideration of its Motion for Protective Order.

## Conclusion & Prayer

For the reasons set forth above, Harris County respectfully requests the Court consider its Motion for Protective Order by Friday, October 21, 2016. Plaintiff will not suffer undue prejudice by the expedited consideration as Plaintiff filed a Response to the Motion for Protective Order on October 19, 2016. Therefore, the issues presented by the Motion for Protective Order are ripe for the Court's consideration.

Harris County prays the Court grant its Motion to Expedite Consideration of the Motion for Protective Order, and issue a ruling on the Motion for Protective Order by Friday, October 21, 2016.

**Date: October 20, 2016**

<div style="margin-left:40%">

Respectfully submitted,
*/s/ Laura Beckman Hedge*
**Laura Beckman Hedge**
Assistant County Attorney
**Attorney-in-Charge**
Texas Bar No. 11373900
Southern District of Texas No. 12524
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Laura.Hedge@cao.hctx.net
**COUNSEL FOR DEFENDANT,**
**HARRIS COUNTY, TEXAS**

</div>

**OF COUNSEL:**

VINCE RYAN
Harris County Attorney

**Armando S. Chiu**
Assistant County Attorney
Texas Bar No. 24006996
Southern District of Texas No. 38696
Harris County Attorney's Office

1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5345
Fax: (713) 755-8924
Email: Armando.Chiu@cao.hctx.net

## Certificate of Conference

       I hereby certify that on October 19, 2016, I conferred with Plaintiff's counsel Elisabeth Oppenheimer and Elizabeth Johnson regarding the foregoing motion. Ms. Johnson indicated via e-mail that Plaintiff is not opposed to the expedited consideration of the motion for protective order, but she takes issues as to some of the arguments presented in this motion. Accordingly, Ms. Johnson will be filing a response concerning the arguments.

*/s/ Armando Chiu*
**Armando S. Chiu**
Assistant County Attorney

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 20th day of October, 2016, via ECF.

**Attorneys for Plaintiffs**
**Elisabeth Mary Oppenheimer**
US DOJ, Civil Rights Division
Disability Rights Section
950 Pennsylvania Ave NW - NYA
Washington, DC 20530

**Jimmy Anthony Rodriguez**
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002

**Elizabeth Johnson**
US DOJ, Civil Rights Division
Disability Rights Section
950 Pennsylvania Ave NW – NYA
Washington, DC 20530

**Eric Paxton Warner**
U.S. Attorneys' Office
1701 W. Bus. Hwy 83
Bentsen Tower, Ste. 600
McAllen, TX 78501

*/s/ Laura Beckman Hedge*
Laura Beckman Hedge