# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 4:16-cv-2331 |
| | ) |
| HARRIS COUNTY, TEXAS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPLY IN SUPPORT OF MOTION FOR
## LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff United States of America files this Reply in support of its Motion for Leave to Amend the Complaint. In its response, Harris County misconstrues the applicable law and exaggerates the effect of the United States' proposed amendment. The proposed amendment asserts no new claims, as Harris County concedes (Def.'s Response in Opp. To Pl.'s Mot. for Leave to File an Am. Compl. at 1), and instead merely clarifies the facts and narrows the legal issues that are currently before the Court. Thus, Harris County is wrong when it argues that granting the United States leave to amend will delay this matter and cause the parties to engage in additional briefing. There is nothing in the proposed amended complaint that prevents the Court from processing Harris County's Motion to Dismiss. For these reasons and all the reasons discussed below and in prior briefing, the Court should grant the United States' motion for leave to amend the complaint, consistent with the directive of Fed. R. Civ. Proc. 15(a)(2) that the court "should freely give leave when justice so requires."

## ARGUMENT

The United States' proposed amendment will not cause undue delay because the Court can continue with its processing of the Motion to Dismiss, contrary to Harris County's argument that the proposed amendment would somehow require a new motion to dismiss. Response at 1. Tellingly, Harris County does not identify a single new argument or issue it seeks to raise in response to the United States' proposed amendments. There is no bright-line rule in the Fifth Circuit that a motion to amend a complaint moots a motion to dismiss; rather, courts consider the circumstances of each case. As explained in Wright & Miller:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading. . . . To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2010). *See Also Ready Aim Flyer, LLC v. Aviat Aircraft, Inc.*, 4:15-CV-2731, 2016 WL 4376612, at *2 (S.D. Tex. Aug. 16, 2016) (collecting cases and holding that it is appropriate to consider a pending motion to dismiss as though it were in response to an amended complaint when arguments remain relevant).

In this case, because the United States has not added new claims, the Court can move forward with processing Harris County's motion to dismiss and decide, for example, whether the Department of Justice has the authority to bring an action to enforce Title II of the Americans with Disabilities Act. As noted above, Harris County fails to identify any new arguments in response to the amended complaint that it has not already made. Thus, the proposed amended complaint does not cause undue delay or otherwise prevent the Court from ruling on the pending motion to dismiss. To the contrary, the proposed amendment promotes efficient use of judicial

resources by narrowing the issues that the Court has to decide; the United States' amendment responds to Harris County's request for a more definite statement regarding complainants and polling sites, and to Harris County's argument that the United States failed to state a claim because it had not named any complainants.[1]

Nor is the United States' proposed amendment dilatory or procedurally improper because it was filed after Defendant filed its motion to dismiss, as Harris County suggests. Response at 2. The Fifth Circuit expects a party to request leave to amend if there are additional facts that need to be brought to the district court's attention. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals."). And seeking leave to amend a complaint while a motion to dismiss is pending is proper. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002) ("it is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted.").

## CONCLUSION

For these reasons and all reasons set forth in prior briefing, the United States request that the Court grant it leave to amend the complaint.

---

[1] To be clear, the United States does not agree with Harris County that the original complaint was in any way deficient. However, the proposed amendments make it unnecessary to address some of Harris County's many arguments for dismissal.

Respectfully submitted,

LORETTA E. LYNCH<br>
Attorney General of the United States

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | VANITA GUPTA<br>Principal Deputy Assistant Attorney General |
| DANIEL DAVID HU<br>Assistant United States Attorney<br>Chief, Civil Division | EVE L. HILL<br>Deputy Assistant Attorney General<br>Civil Rights Division |
| JOHN A. SMITH, III<br>Assistant United States Attorney<br>Deputy Chief, Civil Division | REBECCA B. BOND<br>Chief<br>KATHLEEN WOLFE<br>Special Litigation Counsel |
| E. PAXTON WARNER<br>Assistant United States Attorney<br>Southern District No. 555957<br>Texas Bar No. 24003139<br>USAO-Southern District of Texas<br>1701 W. Bus. Hwy. 83, Suite 600<br>McAllen, Texas 78501<br>Tel. 956-618-8010<br>Fax. 956-618-8016<br>Email: paxton.warner@usdoj.gov | AMANDA MAISELS<br>Deputy Chief<br><br>ELIZABETH JOHNSON<br>ELISABETH OPPENHEIMER<br>Trial Attorneys<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW-NYA<br>Washington, D.C. 20530<br>Telephone: (202) 307-3543<br>Facsimile: (202) 305-9775<br>elizabeth.johnson@usdoj.gov<br>elisabeth.oppenheimer@usdoj.gov |
| *s/Jimmy A. Rodriguez*<br>JIMMY A. RODRIGUEZ<br>Assistant United States Attorney<br>Southern District No. 572175<br>Texas Bar No. 24037378<br>USAO-Southern District of Texas<br>1000 Louisiana, Suite 2300<br>Houston, Texas 77002<br>Tel. 713-567-9532<br>Fax. 713-718-3303<br>Email: jimmy.rodriguez2@usdoj.gov | Attorney in Charge for the Plaintiff |

**CERTIFICATE OF SERVICE**

  I, Jimmy A. Rodriguez, hereby certify that on January 17, 2016, I electronically filed the foregoing using the ECF system which will send notification to all counsel of record.

              *s/Jimmy A. Rodriguez*
              Jimmy A. Rodriguez