UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:16-CV-2331 |
| HARRIS COUNTY, *et al*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Harris County's ("Harris County") Motion to Dismiss and, alternatively, Motion for More Definite Statement (Doc. #11), Plaintiff United States of America's ("DOJ") Response (Doc. #27), Harris County's Reply (Doc. #36), DOJ's Surreply (Doc. #40, Ex. 1), and Harris County's Sur-Sureply (Doc. #45). Additionally before the Court is DOJ's Motion to File an Amended Complaint (Doc. #37), Harris County's Response in Opposition (Doc. #43), and DOJ's Reply (Doc. #44). Having considered the arguments and the applicable legal authority, the Court denies Harris County's Motion to Dismiss, and grants DOJ's Motion to File an Amended Complaint.

### I.  Motion to Dismiss for Lack of Standing

Harris County alleges that the United States does not have standing to bring a claim under Title II of the ADA, and the case should therefore be dismissed. Harris County cites for authority a single opinion out of the Southern District of Florida—*C.V. v. Dudek*, 2016 WL 5220059 (S.D. Fl. Sept. 20, 2016). However, the plain language of the ADA, its legislative history, and the implementing regulations clearly establish that the United States has authority to bring lawsuits under Title II of the ADA. This is reflected by every court (except *C.V. v. Dudek*) to address the question. *See United States v. Virginia*, No. 12-cv-59, Doc. #90 (E.D. Va. June 5,

2012) (rejecting argument that United States must rely on other statutory authority to bring enforcement action under ADA and stating that "the United States has the authority to initiate legal action to enforce Title II of the ADA"); *Disability Advocates, Inc. v. Paterson*, No. 03-cv-3209, 2009 WL 4506301, at *2 (E.D.N.Y. Nov. 23, 2009) (granting permissive intervention to Department of Justice, which is required "to promulgate regulations to implement and enforce Title II"); *United States v. City & Cnty. of Denver*, 927 F. Supp. 1396, 1399-1400 (D. Colo. 1996) (finding that the Department of Justice had met the requirements necessary to bring a Title II claim); *Smith v. City of Phila.*, 345 F. Supp. 2d 482, 489-90 (E.D. Pa. 2004) (dismissing private individual's Title II claim but retaining jurisdiction over United States' Title II claim because United States has "separate and independent basis for jurisdiction under Title II of the ADA and Section 504 of the Rehabilitation Act"); *see also, e.g., United States v. N. Ill. Special Recreation Ass'n*, No. 12-cv-7613, 2013 WL 1499034, at *5 (N.D. Ill. Apr. 11, 2013) (denying motion to dismiss United States' Title II complaint alleging that public athletic association discriminates against individuals with epilepsy); *United States v. City of Baltimore*, 845 F. Supp. 2d 640 (D. Md. 2012) (granting Department of Justice's motion for summary judgment in Title II claim).

Title II of the ADA and Section 504 of the Rehabilitation Act both incorporate the "remedies, procedures and rights" set forth in Title VI of the Civil Rights Act of 1964. *Barnes v. Gorman*, 536 U.S. 181, 185, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002); *see also* 42 U.S.C. § 2000d. Section 602 of Title VI, 42 U.S.C. § 2000d-1, authorizes the Attorney General to enforce compliance with Title VI by filing an action in federal court. *See Nat'l Black Police Ass'n, Inc. v. Velde*, 712 F.2d 569, 575 (D.C. Cir. 1983); *United States v. Marion Cty. Sch. Dist.*, 625 F.2d 607, 612 n. 12 (5th Cir. 1980). By extension, the Attorney General may also bring suit

to enforce other statutes which adhere to the enforcement scheme set forth in Title VI. *See, e.g., United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039, 1050 (5th Cir. 1984) (recognizing United States' authority to sue to enforce § 504); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (holding a private right of action exists to enforce Title IX because Title IX "was patterned after Title VI"); *McCachren v. Blacklick Valley Sch. Dist.*, 217 F.Supp.2d 594, 600 (W.D. Pa. 2002) (holding "the enforcement mechanism for Title II of the ADA is Section 505 of the Rehabilitation Act, and therefore derivatively Title VI of the Civil Rights Act"). Accordingly, Harris County's Motion to Dismiss for lack of standing is denied.

## II. Motion to Dismiss based on DOJ's Failure to Meet the Procedural Requirements to Bring a Title II Claim

Harris County's next alleged ground for dismissal is the fact that DOJ's complaint did not allege that it received a complaint of discrimination from a private individual. Harris County asserts that DOJ cannot bring suit under Title II unless it first receives and investigates a complaint of discrimination from a private individual. The Court disagrees.

Although some Title II investigations are only initiated after complaints are filed, *see* 28 C.F.R. § 35.172(a), the regulation also states that "[t]he designated agency may conduct compliance reviews of public entities in order to ascertain whether there has been a failure to comply with the nondiscrimination requirement of this part." 28 C.F.R. § 35.172(b). Accordingly, Harris County's Motion to Dismiss on this ground is denied.[1]

## III. Motion to Dismiss for Failure to State a Claim

Harris County's next alleged ground for dismissal is that DOJ fails to allege enough facts

---

[1] Likewise, Harris County's argument that DOJ cannot sue because they did not issue a new Letter of Findings ("LOF") after they conducted an additional survey to confirm Harris County had actually taken the corrective actions it indicated would be taken in response to DOJ's initial LOF is without merit. Accordingly, the Motion to Dismiss on this ground is also denied.

to establish a plausible claim for relief. Again, the Court disagrees. DOJ alleges that it conducted an architectural survey of 86 polling places during the January 2013 special election, and two-thirds of the polling places were inaccessible to voters with disabilities under the ADA, as detailed in the 2014 LOF. Doc. #1. Further, DOJ alleges that Harris County continues to use some of these polling places without providing temporary or permanent measures to correct their inaccessibility.

Regardless, DOJ has filed a motion to file an amended complaint (Doc. 37) to specifically allege examples of individuals with disabilities who have been subjected to discrimination in exercising their right to vote in Harris County. As such an amendment would be in the interest of justice, DOJ's Motion to File an Amended Complaint (Doc. #37) is GRANTED.[2] Accordingly, Harris County's Motion to Dismiss for failure to state a claim is denied as moot.[3]

### IV. Motion to Dismiss Based on Failure to Add All Necessary Parties

Lastly, Harris County claims that relief cannot be accorded to DOJ without joining more than 700 facility owners and election judges because those individuals may need to consent to or implement temporary measures necessary to make sites accessible. The Court disagrees. It is Harris County's responsibility to select accessible sites, including sites that it can make accessible through temporary modifications—this is not the responsibility of facility owners or election judges. *Lightbourn v. Cty. of El Paso*, 118 F.3d 421, 431 (5th Cir. 1997) ("[Section] 43.034 of the Texas Election Code places responsibility for accessibility of polling places to the .

---

[2] As the Court decided Harris County's Motion to Dismiss before allowing DOJ to file an amended complaint, Harris County cannot claim it is unduly prejudiced by the filing of an amended complaint.
[3] Likewise, Harris County's Motion for a More Definite Statement is denied as moot.

4

. . physically handicapped on the commissioner's courts and the governing body of each political subdivision that holds elections"). Accordingly, neither facility owners nor election judges are necessary parties. Further, there is no indication that an election judge would refuse to follow a directive made by Harris County. Nor is there any evidence that a facility owner would refuse to enact temporary modifications in areas where other suitable polling locations do not exist.[4] As such, Harris County's Motion to Dismiss on this ground is denied.

## V. Conclusion

For the foregoing reasons, Harris County's Motion to Dismiss (Doc. #11) is DENIED, and DOJ's Motion to File an Amended Complaint (Doc. #37) is GRANTED.[5] DOJ is instructed to file its amended complaint within fourteen (14) days.

It is so ORDERED.

APR 2 6 2017
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[4] If such a situation is found to exist later in this litigation, the Court will be cognizant of the difficulties this may present to Harris County.

[5] For the first time in its Reply brief, Harris County raised the argument that "the entire lawsuit is void" because the complaint was authorized by Vanita Gupta, Principal Deputy Attorney General for the Civil Rights Division ("PDAAG"), who has purportedly "been working in violation of the Federal Vacancies Reform Act of 1998." Doc. #36. However, the Court finds that this argument has been waived by Harris County because it wasn't raised until its reply brief. Regardless, the relevant duties of the PDAAG are delegable, and, therefore, Ms. Gupta actions in this case were not barred by the Federal Vacancies Reform Act of 1998. 28 C.F.R. § 0.50.

5